ROBERT L. LARSON and LANA J. LARSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Larson v. Commissioner
Docket No. 2822-80.
United States Tax Court
T.C. Memo 1981-499; 1981 Tax Ct. Memo LEXIS 234; 42 T.C.M. (CCH) 1046; T.C.M. (RIA) 81499; September 14, 1981. *236 Stephen J. Mancini, for the petitioners. Alan Levine and Karen Nicholson Sommers, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1976 and 1977 in the amounts of $ 816 and $ 4,659, respectively, and an addition to tax under section 6653(a) [1] for the calendar year 1977 in the amount of $ 233. The issues for decision are (1) whether petitioners are entitled to a deduction for legal fees in the amount of $ 2,500 in 1976 and $ 5,000 in 1977 and (2) whether petitioners are liable for the addition to tax under section 6653(a) for the calendar year 1977. FINDINGS OF FACT Petitioners, husband and wife, who resided in Billings, Montana, at the time of the filing of their petition in this case, filed joint Federal income tax returns for the calendar years 1976 and 1977 with the Internal Revenue Service Center at Ogden, Utah. Robert L. Larson (petitioner) is a chiropractor. On their *237 Federal income tax return for the calendar year 1976 petitioners deducted $ 2,500 with a designation "Legal Fees." On their 1977 Federal income tax return the only income reported was $ 29,922 designated as "Nominee Income" paid to petitioner by the Robert L. Larson Trust, Billings, Montana. Respondent in his notice of deficiency to petitioners disallowed the claimed deduction of $ 2,500 for legal fees for the year 1976 with the explanation that-- The deduction claimed for legal fees to establish the Robert L. Larson Trust is not allowed because it has not been established that it is an ordinary and necessary expense for the management, conservation or maintenance of property held for the production of income. * * * For the calendar year 1977 respondent increased petitioners' income as reported by $ 180 of interest income, $ 1,961 of rental income, $ 29,922 of partnership income, $ 4,657 of net capital gain income, $ 1,178 of ordinary gain, and $ 30 of stud fee income which it was determined was earned by Dr. Larson and improperly reported by the Robert L. Larson Trust. In the alternative, respondent increased petitioners' income by the amount of $ 37,928 for the calendar year *238 1977 under the authority of sections 671-678. Respondent decreased petitioners' reported income for 1977 by amounts petitioners had reported as trustee fees and also decreased the income determined by them by business expenses of $ 6,211. Respondent disallowed itemized deductions claimed by petitioners in the amount of $ 2,723 for the year 1977. In a stipulation of partial settlement filed by the parties, they agreed to certain changes in the income and deductions for the year 1977 as determined by respondent in his notice of deficiency. No deduction for legal fees paid in 1977 was included in the deductions respondent agreed were allowable to petitioners in 1977. OPINION Petitioners contend that the $ 2,500 they claimed as a deductible legal expense in the year 1976 was at least in part for tax advice and should be allowed as a proper deduction under section 212(3). Petitioners further contend that some portion of this amount should be allowed as an expenditure for the preservation or management of property. Although the record does not show that petitioners claimed any deduction for legal expenses in 1977, they contend that $ 5,000 or some part of that amount should be *239 allowed to them as a deduction in 1977 under sections 212(2) and 212(3). Petitioners in support of their contentions rely on a number of cases dealing with the allowance as a deduction of legal fees paid in connection with obtaining tax advice or in connection with the management and conservation of property. They rely on , in support of their argument that an amount paid as legal fees may be allocated in part to a deductible expenditure for tax advice. In the Merians case we concluded that where the evidence in the record showed that a significant portion of the services rendered for a lump-sum legal fee paid was for tax advice, an allocation should be made between the deductible and nondeductible portion ofthe lump-sum fee. In the instant case there is no evidence whatsoever in the record as to the services for which the legal fee was paid in 1976. The only statement in the record is in respondent's notice of deficiency. This statement is that the legal fee was paid with respect to the establishment of a family trust. We have held that amounts paid for advice with respect to planning one's personal and family *240 affairs such as establishing trusts for family members or making of gifts are nondeductible personal expenditures within the meaning of section 262. , reversed on another issue, . There is not even any evidence in the record that any legal fees were paid by petitioners in the year 1977. We therefore conclude on the basis of this record that petitioners are not entitled to any deduction for legal fees in either the year 1976 or the year 1977. See . The burden of showing error in respondent's determination of an addition to tax under section 6653(a) is on petitioners. . Petitioners have produced no evidence to show error in respondent's determination of an addition to tax under section 6653(a) for the year 1977. We therefore sustain this determination by respondent. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩